*BEDFORD, BREEDLOVE & ROBESON* vs. *JACOBS.*

APPEAL from the court of the first district.

The acts of a party are good evidence when they make apart of the *res gesta.*

A new trial may be moved, for three days after judgment is pronounced, though the cause

PORTER, J., delivered the opinion of the court. The contest between the parties to this suit has grown out of a sale of tobacco, made by the plaintiffs to the defendant. The receipt of the property is not denied, but the price is disputed.

There are several bills of exceptions on the record: the first was taken to the opinion of the judge *a quo*, permitting the plaintiffs, who are commission merchants, to prove by a witness the amount which they had paid to their principals, the same day, or the day following, the sale to the defendant.

We think the judge did not err in receiving the testimony. The declarations of the parties to a suit, when they make a part of the *res gesta*, are good evidence; and acts so unequivocal as this, are still less liable to objection. Where witnesses are not present to a contract, the real meaning and intention of the parties must be gathered from circumstances attending the transaction. Thus the conduct of the defendant, when he received the bill of parcels, was properly given in evidence. The weight to which such proof is entitled is a quite different question; but the judge did right to let it go to the jury for what it was worth. *Phillips on Evidence*, 218; *Evans' Pothier, vol.* 2, 285.

The second bill of exceptions states, that the defendant offered to prove that he bought the tobacco as broker, and not on his own account; that this proof was objected to, unless

East'n. District.
*June*, 1826.

BEDFORD,
BREEDLOVE,&
ROBESON
*vs.*
JACOBS.

has been tried by a jury.

East'n. District.
June, 1826.

BEDFORD,
BEEDLOVE, &
ROBESON
vs.
JACOBS.

it was *first* proved, that the names of the principals, if any there were, were communicated to the plaintiff, and that the judge sustained the objection.

The ground assumed, as the basis of this objection, is certainly correct. An agent cannot discharge himself from responsibility, on the ground that he acted for another, in making the contract, unless he shows that he communicated to the party, with whom he contracts, his situation as agent, and that he acted so as to give a remedy over against his principal. But this principle of law was applied too rigidly, when the defendant was told he must make that proof in a particular way. Two things were necessary to be established, the declaration that the defendant acted as agent, and the names of those for whom he acted. Now the proof of one of these facts must necessarily have preceded the other; and the most natural order in which they could have been presented to the court was, to show, in the first instance, that the defendant acted for others; and next, that he communicated the names of his principals. If, after establishing the first, he had failed to make out the second, his case would have

East'n. District.
*June*, 1826.

BEDFORD,
BREEDLOVE, &
ROBESON
*vs.*
JACOBS.

been the common one of a party in court not being able to prove his whole case; but there was no obligation on him to *first* give in evidence the names of his principals. If he had commenced with that proof, it might have been objected with the same force, that he should first show that he communicated to the plaintiffs, he was acting as broker.

But though we are satisfied the judge erred in prescribing to the defendant the order in which he should introduce the testimony, the question recurs whether the cause ought to be remanded. It is clear that the defendant sustained no injury by the opinion of the court. If he had proof that he communicated the names of his principals, he could, under the decision made, have offered it, and it would have been of as much service in that way, as if given after he showed that he acted as agent. The whole dispute in the court below, on this point, appears to have been one of form; and it adds another to the many examples we have, of the zeal of parties, or their counsel, at the trial of a cause, raising questions which are of no importance, and burdening the record with matters that

BEDFORD,
BREEDLOVE,&
ROBESON
vs.
JACOBS.

embarrass the investigation of the points on which the case really turns.

The jury found a verdict for the plaintiffs, and the defendant moved for a new trial. The court refused to permit the motion to be filed, because the same had not been made within three days after the verdict was rendered.

The correctness of this opinion depends on a correct interpretation of the rules in our Code of Practice, on the subject of new trials. The 541st article provides, that "when a cause has been tried by a jury, and such jury have given a general verdict, the court must give judgment pursuant to the same within three days from the time such verdict has been entered on the records, unless a new trial has been granted." The 558th article states, "that the party who believes himself aggrieved by the judgment given against him, may, within three judical days after such judgment has been rendered, pray for a new trial, &c." And the 546th article declares, that "the judge must sign all definitive or final judgments rendered by him; but he shall not do so until three judicial days have elapsed, to be

computed from the day when such judgments were given."

East'n. District.
*June*, 1826.

BEDFORD,
BREEDLOVE,&
ROBESON
*vs.*
JACOBS.

These provisions contemplate judgments rendered by the court on a verdict; and judgments given by the court, without the assistance of the jury. In both cases the court must pronounce judgment three days before it is signed. But in regard to new trials, they seem to be distinguished. In cases where the court hears the testimony and decides the facts, the party cast cannot move for a new trial until the court pronounces its judgment, and that motion must be made within three days. Where the jury decide the fact, the article first cited recognises the right to move for a new trial before judgment is pronounced; and that judgment must be given within three days. But both judgments are subject to the rule contained in the 546th article; that is, they must be pronounced three days before they are signed. The question is, whether the recognition of the right to move for a new trial after verdict, and before judgment, takes the case out of the general provision, that the party aggrieved has three judicial days after judgment is rendered to move for a new trial. We think it does not. The words of the law,

East'n. District.
June, 1826.

BEDFORD,
BREEDLOVE, &
ROBESON
vs.
JACOBS.

authorising an application for a new trial at any time within three days after judgment, embrace judgments rendered on verdicts, as well as those given by the court alone. The argument *ab inconvenienti* is not so strong, as to authorise this tribunal to make an exception, where the law has made none. It is true, that, as the court must give judgment in conformity with the verdict, it would seem almost useless to give the party a right to move for a new trial, when he did not solicit it after the verdict. But there may be cases where the judgment of the court does not follow the verdict, and it may have been for such cases, this privilege was allowed. The instance before us is one of them: the verdict finds a certain sum, and on the amount found to be due, the court has added interest. The alleged error in doing so, is one of the grounds laid for a new trial.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided, and reversed, and that this cause be remanded to the district court, with directions not to refuse hearing the motion for a new trial because it was not made

within three days after verdict; and it is fur-
ther ordered, adjudged, and decreed that the
appellee pay the costs of this appeal.

*M·Caleb* for the plaintiff, *Whittelsey* for the
defendant.